Matthew L. Lalli (6105)
mlalli@swlaw.com
Ben T. Welch (13397)
bwelch@swlaw.com
Jason R. Harmon (17378)
jharmon@swlaw.com
SNELL & WILMER L.L.P.
15 West South Temple – Suite 1200
Salt Lake City, Utah 84101
Telephone: 801.257.1900
Facsimile: 801.257.1800

*Attorneys for Safeco Insurance Company of America*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA, a New Hampshire corporation,<br><br>Plaintiff,<br>v.<br><br>GAYE WYNN, a Utah resident; Heirs and Estate of GEORGE BRENT WYNN, a deceased Utah resident; JONATHAN G. WYNN, a Maryland resident; THOMAS B. WYNN, a Texas resident; MOLLY WYNN, a Utah resident; NATHAN WYNN, a Utah resident; and GRANT WYNN, a Utah resident;<br>Defendants. | CASE NO: 1:20-cv-00059-DAK<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT RELIEF**<br><br>JUDGE DALE A. KIMBALL |

Pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, Plaintiff Safeco Insurance Company of America (**"Safeco"**), by and through counsel, files this Complaint for Declaratory Relief (**"Complaint"**) against Gaye Wynn, the heirs and estate of George Brent Wynn, Jonathan G.

Wynn, Thomas B. Wynn, Molly Wynn, Nathan Wynn, and Grant Wynn (collectively **"Defendants"**) and alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Safeco is New Hampshire corporation that maintains its principal place of business at 175 Berkeley Street, Boston, Massachusetts.

2. Upon information and belief, Gaye Wynn is a resident of Davis County, State of Utah.

3. Upon information and belief, George Brent Wynn, at all times before his death and all times relevant herein was a resident of Davis County, State of Utah.

4. Upon information and belief, Jonathan G. Wynn is a resident of the State of Maryland.

5. Upon information and belief, Thomas Wynn is a resident of the State of Texas.

6. Upon information and belief, Molly Wynn is a resident of Summit County, State of Utah.

7. Upon information and belief, Nathan Wynn is a resident of Davis County, State of Utah.

8. Upon information and belief, Grant Wynn is a resident of Summit County, State of Utah.

9. This Complaint arises out of a claims for negligence, wrongful death, and gross negligence or intentional conduct causing wrongful death, which have been brought by Jonathan G. Wynn, Thomas Wynn, Molly Wynn, Nathan Wynn, and Grant Wynn (the **"Wynn**

**Children"**) against their step-mother, Gaye Wynn (**"Ms. Wynn"**), and arising from the death of their father, George Brent Wynn (**"Mr. Wynn"** or the **"Decedent"**).

10. An actual controversy exists between the parties regarding the duty to defend and indemnify Gaye Wynn under a policy of insurance issued by Safeco to Ms. Wynn and Decedent as more fully defined herein. The controversy is justiciable in character, and the relief requested herein is necessary to declare the parties' contractual rights, duties, and obligations under the Policy described herein and applicable law.

11. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

12. There exists diversity of citizenship between and among the parties, and upon information and belief, the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* State Court Complaint at ¶ 11, attached hereto as **Exhibit 1** (alleging damages exceeding $300,000, exclusive of costs and attorney fees).

13. Declaratory relief is authorized and appropriate in this action pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57.

14. Venue is proper pursuant to 28 U.S.C. 1391(b) because (1) one or more Defendants reside in the State of Utah; and (2) a substantial part of the events giving rise to this controversy occurred in the State of Utah.

### GENERAL ALLEGATIONS

**A.   Insurance Policy**

15. Safeco issued a Homeowner's Policy to Ms. Wynn and Decedent bearing Policy Number OY7985747 for the policy period March 23, 2019 to March 23, 2020 (**"Policy"**).

16. A true and correct copy of the declarations page along with the relevant portions of the Policy are identified and attached hereto as **Exhibit 2**.

17. The Policy contains the following coverage provisions:

## SECTION II – LIABILITY COVERAGES

**LIABILITY LOSSES WE COVER**

**COVERAGE E – PERSONAL LIABILITY**

If a claim is made or a suit is brought against any insured for damages because of *bodily injury* or *property damage* caused by an *occurrence* to which this coverage applies, we will:

1. pay up to our limit of liability for the damages for which the *insured* is legally liable; and
2. provide a defense at our expense by counsel of our choice even if the allegations are groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when the amount we pay for damages resulting from the *occurrence* equals our limit of liability.

[…]

**LIABILITY LOSSES WE DO NOT COVER**

1. **Coverage E—Personal Liability** and **Coverage F—Medical Payments to Others** do not apply to *bodily injury* or *property damage:*

    […]

2. *Coverage E—Personal Liability* does not apply to:

    […]

    f. *bodily injury* to an *insured* within the meaning of parts (1) or (2) of **Policy Definitions, 3.g.** *Insured;*

    […]

## POLICY DEFINITIONS

1. Throughout this policy, "you" and "your" refer to:

    a. the "named insured" shown in your Policy Declarations; and

    if a resident of the same household:

    b. the spouse;

    […]

3. In addition, certain words and phrases are defined as follows:

    b. *"Bodily injury"* means bodily harm, sickness or disease, including required care, loss of services and death resulting therefrom.

    […]

    g. *"Insured"* means:

      (1) you;…

      […]

    i. *"Occurrence"* means an accident,… which results in:

      (1) *bodily injury;* or

      (2) *property damage;*

    during the policy period….

    […]

    l. *"Property damage"* means physical damage to or destruction of tangible property, including loss of use of this property.

    […]

### B.     The Underlying State Court Action

18. On October 1, 2019, the Wynn Children filed a lawsuit against Ms. Wynn in the Second Judicial District Court of Davis County, State of Utah, under Case No. 190700983, captioned as *Wynn et al v. Wynn* (**"State Court Action"**). *See* State Court Complaint [Ex. 1].

19. According to the State Court Complaint, Mr. Wynn fell from the stage during a Sons of Utah Pioneers event on May 11, 2019. *Id.* at ¶ 16.

20. According to the State Court Complaint, Mr. Wynn sought medical care at the Ogden Clinic on May 13, 2019, and was later sent to Lakeview Hospital. *Id.* at ¶ 18.

21. According to the State Court Complaint, Mr. Wynn was discharged from the hospital on May 15, 2019. *Id.* at ¶ 19.

22. According to the State Court Complaint, Mr. Wynn died at his home on May 22, 2019. *Id.* at ¶ 26.

23. According to the State Court Complaint, the Plaintiffs in the State Court Action claim (or insinuate) that their step-mother, Ms. Wynn, is liable for Decedent's death and seek damages from Ms. Wynn under three causes of action: (1) negligence; (2) wrongful death; and (3) gross negligence—intentional conduct causing wrongful death.

24. According to the State Court Complaint, Plaintiffs seek non-economic (general) damages, past economic (special) damages, future economic damages, costs and expenses of litigation, punitive damages, and pre- and post-judgment interest.

**C.  Demand By Ms. Wynn**

25. Upon filing of the State Court Action, Ms. Wynn, by and through counsel, sought coverage from Safeco for defense of the claims brought by Plaintiffs in the State Court Action.

26. Safeco is currently defending Ms. Wynn under a reservation of rights but maintains that the Policy does not cover any damages arising or resulting from Decedent's death as well as any claims brought in the State Court Complaint.

**FIRST CLAIM FOR RELIEF**
**(Declaratory Judgment)**

27. Safeco incorporates by reference the allegations set forth in paragraphs 1 through 26 of its Complaint as if fully set forth herein.

28. The rights, status, obligations, and other legal relations of Safeco and Defendants are in dispute and are affected by the terms and conditions of the Policy at issue.

29. Specifically, a controversy has arisen as to whether Ms. Wynn is entitled to defense and indemnification under the Policy.

30. It is undisputed that Decedent died of bodily injuries caused by a fall on May 11, 2019.

31. It is undisputed that Decedent was an "insured" under the Policy at the time of his death.

32. These undisputed facts preclude Decedent, his estate, or other named insureds from seeking coverage under the Policy due to the "household exclusion" in the Policy, which expressly excludes coverage for bodily injury to an "insured."

33. Household exclusions in homeowner's policies are enforceable in Utah. *See Allen v. Prudential Prop. & Cas. Ins. Co.*, 839 P.2d 798, 799 (Utah 1992). They are likewise enforceable in the Tenth Circuit. *See Farmers All. Mut. Ins. Co. v. Ingersol*, 74 F.3d 1249 (10th Cir. 1996).

34. The question has arisen as to whether the household exclusion would also bar coverage with regard to claims by non-insureds (such as the Wynn Children in the State Court Action), who have alleged injuries and damages that are purportedly separate from those of Decedent but which nonetheless arise or result from, or are because of, Decedent's death.

35. Safeco maintains that claims by non-insureds are likewise barred by the plain language of the Policy, including the household exclusion, because the Policy excludes coverage for claims based on bodily injury to an insured, and the claims by the non-insureds in this case (Plaintiffs in the State Court Action) stem solely from Decedent's bodily injury.

36. Further, the economic, non-economic, and other damages sought by the Wynn Children in the State Court Action do not meet the definition of "property damage," "bodily injury," or "occurrence," and are therefore not covered by the Policy.

37. Further, punitive damages are uninsurable in Utah under UTAH CODE § 31A-20-101.

38. Finally, there may be other coverage defenses which may be revealed during discovery in this action or the underlying State Court Action, and thus Safeco incorporates all terms, conditions, and exclusions under the Policy as defenses to any claims of coverage by the Defendants.

39. Based on these exclusions and limitations, there is no coverage under the Policy for any of the claims, theories, and damages alleged by the Wynn Children in the State Court Action against Ms. Wynn.

40. Pursuant to 28 U.S.C. § 2201 *et seq.* and Fed. R. Civ. P. 57, Safeco is entitled to a declaratory judgment from this Court as follows:

    (A) Judgment be entered declaring the rights and obligations of each of the parties with regards to the disputes herein;

    (B) That the Court enter judgment that there is no coverage under the Policy for the claims asserted in the State Court Action;

    (C) That the Court enter judgment declaring there is no duty to defend Ms. Wynn in the State Court Action; and

    (D) That the Court enter judgment declaring that there is no duty to indemnify Ms. Wynn in the State Court Action.

## **PRAYER FOR RELIEF**

WHEREFORE, Safeco respectfully requests that the Court enter a judgment against Defendants, declaring the following:

1. Judgment be entered declaring the rights and obligations of each of the parties with regard to the disputes herein;

2. That the Court enter judgment that there is no coverage under the Policy issued by Safeco for the claims asserted in the State Court Action;

3. That the Court enter judgment declaring there is no duty to defend Ms. Wynn in the State Court Action;

4. That the Court enter judgment declaring that there is no duty to indemnify Ms. Wynn in the State Court Action;

5. Costs and attorney fees; and

6. For such other and further relief as the Court deems just and proper.

Further, pursuant to Fed. R. Civ. P. 57, the Court should order a speedy hearing on Safeco's request for declaratory judgment.

DATED this 18th day of May, 2020.

                                            SNELL & WILMER L.L.P.

                                            */s/ Matthew L. Lalli*
                                            Matthew L. Lalli
                                            Ben T. Welch
                                            Jason R. Harmon
                                            *Attorneys for Plaintiff Safeco Insurance*
                                            *Company of America*

Plaintiff's Address:
c/o Snell & Wilmer LLP
15 West South Temple, Ste. 1200
Salt Lake City, UT 84101

4826-8128-5819

10